IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JOSEPH LLYWELLYN JOHNSON, <br><br> Plaintiff, <br><br> vs. <br><br> JOSHUA A. RACKI (Individual capacity), <br><br> Defendant. | CV 17-00132-GF-BMM-JTJ <br><br><br> FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Joseph Johnson, a state prisoner proceeding without counsel, filed an Amended Complaint alleging Joshua Racki, Cascade County Attorney, violated his Fourth Amendment rights under the United States Constitution when he applied for a search warrant for Mr. Johnson's cell phone. (Doc. 7.) The Amended Complaint fails to state a claim upon which relief may be granted and therefore this matter should be dismissed.

## I.  RES JUDICATA

As set forth in the Court's prior Order, Mr. Johnson filed a state petition for writ of habeas corpus which the Montana Supreme Court denied on January 23, 2018 finding:

> On August 20, 2015, the State of Montana charged Johnson with one count of felony sexual servitude of child, pursuant to §

1

45-5-310(1), MCA, in the Eighth Judicial District Court, Cascade County. The District Court issued an arrest warrant for Johnson the next day, and he was arrested on October 27, 2015. Johnson was arraigned in early November. On March 2, 2016, the State filed a First Amended Information to include a second count of felony sexual servitude of child and two counts of felony promoting prostitution. The court held another arraignment for Johnson. A plea agreement was filed in May 2016, and the court set a change of plea hearing. Johnson pleaded guilty to two counts of aggravated promotion of prostitution on June 13, 2016. The court sentenced Johnson to Montana State Prison for twenty years with seven years suspended for the first count, and imposed a consecutive twenty-year suspended sentence to the Department of Corrections for the second count. Johnson did not appeal.

In his instant petition, Johnson contends that he is entitled to "relief because his arrest warrant was facially invalid under Art. II, Sec. 11, Mont. Const." He argues that the District Court lacked subject matter jurisdiction to initiate proceedings because the original charging documents were premised upon the count of felony sexual servitude of child pursuant to § 45-5-310(1), MCA, which was repealed by the Legislature. He posits that the court never had jurisdiction to issue the August 2015 warrant, and that his conviction is void.

In its response, the State explains how Johnson's arguments fail based on the timing of his case. The State points out that Johnson committed the offenses before the statute's repeal; therefore, the State argues that the district court had jurisdiction over Johnson. The State clarifies that Johnson committed the offenses of sexual servitude of a child on or before June 18, 2015, and that § 45-5-310(1), MCA, was repealed as of July 1, 2015. Moreover, this statutory repeal, the State highlights, does not preclude the State from charging Johnson with such an offense. *See* § 1-2-205, MCA (The repeal of any law creating a criminal offense does not constitute a bar to an indictment or information and the punishment of an act already committed in violation of the law so repealed. . . ."). The State concludes that denial of his petition is warranted here.

*Johnson v. Fender*, OP 17-0704 (Mont S.Ct. January 23, 2018).

The Montana Supreme Court found the State's arguments to be correct and found that the District Court had jurisdiction and authority to grant leave to file the charging documents and to issue an arrest warrant. *Id.*

In his Amended Complaint, Mr. Johnson alleges Mr. Racki violated his Fourth Amendment right to be free from deception employed to obtain a search warrant when on July 1, 2015 he omitted in the search warrant application that the offense he believed Mr. Johnson committed had been repealed. (Doc. 7 at 6.) This is the same issue which the Montana Supreme Court decided in Mr. Johnson's habeas petition and as such, these claims are barred by res judicata.

"The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation marks omitted). Although this doctrine is normally raised as an affirmative defense, where its application is plain from the face of the complaint, the court may raise it sua sponte:

> [I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

3

*Arizona v. California*, 530 U.S. 392, 412 (2000) (internal quotation marks omitted); *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005) ("[a]s a general matter, a court may, sua sponte, dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties had been dismissed").

> Res judicata applies when the following elements are satisfied:
>
> (1) the parties or their privies are the same in the first and second actions; (2) the subject matter of the actions is the same; (3) the issues are the same in both actions, or are ones that could have been raised in the first action, and they relate to the same subject matter; (4) the capacities of the parties are the same in reference to the subject matter and the issues between them; and (5) a valid final judgment has been entered on the merits in the first action by a court of competent jurisdiction.

*Brilz v. Metropolitan General Ins. Co.*, 285 P.3d 494, 501 (Mont. 2012).[1]

All five elements of res judicata are satisfied here. Mr. Johnson is attempting to re-litigate an issue which was already decided by the Montana Supreme Court. The issue raised herein, whether the warrant was invalid because it listed a statute that was repealed the same day the warrant was issued, is the same issue raised in the Montana Supreme Court. The Montana Supreme Court issued a final judgment on the merits of the issue. Even if Mr. Johnson is

---

[1] Federal courts apply state law regarding the res judicata effect of state court judgments. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007).

attempting to raise different claims regarding this same issue, res judicata/claim preclusion "bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir.1980); *see also San Remo Hotel, L.P. v. City and County of San Francisco, Cal.*, 545 U.S. 323, 336 n. 16 (2005). Mr. Johnson's claims are barred by res judicata and this matter should therefore be dismissed.

## II. CONCLUSION

Mr. Johnson's claims are barred by res judicata. This is not a defect which could be cured by the allegation of additional facts. Accordingly, the Amended Complaint fails to state a claim upon which relief may be granted and the case will be recommended for dismissal.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because an action barred by res judicata can be dismissed as frivolous under 28 U.S.C. § 1915. *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th

Cir.1984).

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain that the Amended Complaint is frivolous as it lacks

arguable substance in law or fact. Mr. Johnson's claims are clearly barred by res judicata and as such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### C. Address Changes

At all times during the pendency of this action, Mr. Johnson SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Johnson has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).
Based on the foregoing:

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be DISMISSED. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Amended Complaint lacks arguable substance in law or fact.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Johnson's Amended Complaint is frivolous.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Johnson may file objections to these Findings and Recommendations within 14 days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail). . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Johnson is being served by mail, he is entitled an additional three days after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 7th day of December, 2018.

> _/s/ John Johnston_
> John Johnston
> United States Magistrate Judge