# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JOSEPH LLYWELLYN JOHNSON, | CV-17-132-GF-BMM-JCL |
| Plaintiff, | |
| vs. | |
| | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| JOSHUA A. RACKI (Individual Capacity), | |
| Defendant. | |

Plaintiff Joseph Johnson ("Mr. Johnson"), a state prisoner proceeding without counsel, filed an Amended Complaint alleging Joshua Racki, Cascade County Attorney, violated his Fourth Amendment rights under the United States Constitution when he applied for a search warrant for Mr. Johnson's cell phone. (Doc. 7). United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on December 7, 2018. (Doc. 8). Judge Johnston recommended that this matter be dismissed for failure to state a claim upon which relief may be granted. *Id.*

Judge Johnston determined res judicata bars Mr. Johnson's claims. *Id.* at 3. "The doctrine of res judicata provides that a final judgement on the merits bars further claims by the parties or their privies based on the same cause of action."

1

*Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). Where the application of res judicata is plain, the court may raise this issue sua sponte. *Arizona v. California*, 530 U.S. 392, 412 (2000). Judge Johnston found, and this court agrees, that all the elements sufficient for res judicata apply here. (Doc. 8 at 4).

Mr. Johnson filed a state petition for writ of habeas corpus which the Montana Supreme Court denied on January 23, 2018. Mr. Johnson alleged in his petition that the District Court lacked subject matter jurisdiction to initiate his proceedings because the charging documents were premised on a repealed statute. *Johnson v. Fender*, OP 17-0704 (Mont. S.Ct. January 23, 2018). The Supreme Court determined subject matter proved proper because Mr. Johnson committed the offense prior to the statute's repeal. *Id.*

Mr. Johnson seeks to relitigate this issue once more in his Amended Complaint. Mr. Johnson alleges Mr. Racki violated his Fourth Amendment right to be free from deception employed to obtain a search warrant. (Doc. 7 at 6-9). The Montana Supreme Court decided this same issue in Mr. Johnson's habeas petition. Accordingly, res judicata applies.

The Court reviews de novo Findings and Recommendations timely objected to. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations not specifically objected to. *McDonnell Douglas*

*Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Mr. Johnson timely filed objections to Magistrate Judge Johnston's Findings and Recommendations. (Doc. 10). These objections attempt to engage the Court in a debate of the same arguments that Judge Johnston addressed in the Findings and Recommendations. (Doc. 8). Mr. Johnson's objections simply restate what Judge Johnston already addressed and the Court finds no clear error in Judge Johnston's Findings and Recommendations. *Id.*

## ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 8) are **ADOPTED IN FULL**.

It is **ORDERED** that this matter be **DISMISSED**.

The Clerk of the Court is directed to close this matter and enter judgement in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of the Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3(A) of the Federal Rules of Appellate Procedure

that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain the Amended Complaint lacks arguable substance in law or fact.

The Clerk of the Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Johnson's Amended Complaint is frivolous.

DATED this 22nd day of January, 2019.

_____
Brian Morris
United States District Court Judge